**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

OMAR SANCHEZ,

Plaintiff,

v.

MAJOR FOOG GROUP LLC and 1200 BRICKELL AVENUE RESTAURANT LLC d/b/a DIRTY FRENCH STEAKHOUSE,

Defendant.
_______________________________________________/

# COMPLAINT

Plaintiff, OMAR SANCHEZ (hereinafter "Plaintiff" or "SANCHEZ"), by and through his undersigned attorney, hereby files this Complaint against MAJOR FOOD GROUP LLC ("MFG") and 1200 BRICKELL AVENUE RESTAURANT LLC d/b/a DIRTY FRENCH STEAKHOUSE ("DFS" or collectively "Defendants") and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant, and the jurisdiction of this Court is invoked pursuant to the provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claim asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District.

## PARTIES

5. SANCHEZ is a citizen and resident of Broward County, Florida, over the age of eighteen years and otherwise *sui juris*.

6. Plaintiff is in a class protected under the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to the commencement of his FMLA leave request on or about November 2025.

7. Defendant MFG is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in Miami, Florida. MFG has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida and is subject to the laws of the United States and the State of Florida.

8. Defendant DFS is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Miami, Florida. MFG has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida and is subject to the laws of the United States and the State of Florida.

9. Defendant MFG manages and owns DFS, which operates as a French Restaurant that specializes in steak, as its name suggests.

10. Defendants were joint employers of Plaintiff because Plaintiff performed services that simultaneously benefitted both entities, reported his work to both entities, and Plaintiff's work and schedules were controlled by both Defendants. Additionally, both companies have an arrangement to share employees, and have the same managers and COO between them.

11. Therefore, because MFG and DFS equally hired and fired employees, supervised and controlled Plaintiff's work schedules, maintained employment records of Plaintiff and other similarly situated individuals, and because the work performed by Plaintiff and other similarly

situated employees benefited both Defendants and directly or indirectly furthered their joint interest, MFG and DFS are joint employers.

12. At all times material to this Complaint, Defendants were covered employers under the FMLA, 29 U.S.C. §2611(4)(A)(iii) in that they employed over 50 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period.

## GENERAL ALLEGATIONS

13. SANCHEZ worked for Defendant from on or about November 11, 2023, until on or about December 8, 2025, as a Maitre'd.

14. Plaintiff's primary duty was to handle guests' reservations and seat customers at their tables.

15. Plaintiff suffered from Chronic Kidney Disease and Hypertension.

16. Plaintiff's condition required him to work in a stable environment with little stress. Otherwise, his health would deteriorate.

17. Defendants were aware of Plaintiff's condition when they hired him.

18. On or about November 8, 2025, while Plaintiff was performing his work as usual, Plaintiff was suddenly accused of not performing his job by the restaurant's new manager.

19. Plaintiff was sent home for the day without being given any chance to explain himself.

20. The manner in which the situation was being handled caused Plaintiff significant stress and anxiety, which worsened Plaintiff's conditions and exposed him to substantial risk of further kidney injury.

21. Plaintiff requested FMLA leave for a period of two weeks due to his serious illness on or about November 19, 2025.

22. Plaintiff's request, however, was denied despite providing all the paperwork Defendants requested.

23. Approximately two weeks later, on or about December 8, 2025, Defendants terminated Plaintiff's employment.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action.

**COUNT I – VIOLATION OF THE FMLA**
**(RETALIATION)**

26. Plaintiff re-alleges and re-avers paragraphs 1–25 as fully set forth herein.

27. This is an action under the FMLA for retaliation in violation of 29 U.S.C. § 615(a)(1)(D).

28. At all times relevant, Defendants were Plaintiff's "employers" as defined under the FMLA, 29 U.S.C. § 2611.

29. SANCHEZ made a request for leave under the FMLA due to his serious illness in November 2025.

30. This request was then denied by Defendants.

31. Plaintiff was terminated on or about December 8, 2025, approximately 2 weeks after his request for FMLA leave.

32. Defendants' termination of SANCHEZ's employment constitutes an "adverse employment action" under the FMLA.

33. The fact that SANCHEZ was entitled to leave under the FMLA was a "protected activity" under the FMLA.

34. SANCHEZ's request for FMLA was, at a minimum, a motivating factor in Defendants' decision to terminate SANCHEZ on or about December 8, 2025.

35. Defendants' alleged reason for terminating SANCHEZ is pretextual as it cannot demonstrate evidence to support that it applied its policies evenly to SANCHEZ and cannot prove that there was any legitimate business necessity/reason for terminating SANCHEZ of his employment.

36. Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendants' employees should be imputed to Defendants.

37. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay attorney's fees should he recover damages from Defendants.

**WHEREFORE**, Plaintiff OMAR SANCHEZ demands judgment for:

a) Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b) Interest on the amount found due;

c) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) Costs associated with this action together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff OMAR SANCHEZ hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: April 17, 2026.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
550 South Andrews Avenue, Suite 420
Fort Lauderdale, Florida 33301
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com
NHU CAO, Esq.
Fla. Bar #1050344
nhu@icelawfirm.com